## MARY B. CHAPMAN *vs.* ALANSON BRIGGS.

The *St.* of 1862, *c.* 198, requiring married women who do business on their separate account to file a certificate in order to secure their property from their husband's creditors, applies to furniture used in a boarding-house kept by a married woman.

REPLEVIN of household furniture. The defendant, as a deputy sheriff, had attached the furniture on a writ against the plaintiff's husband.

At the trial in the superior court, before *Morton*, J., it appeared that the furniture was used in a boarding-house kept by the plaintiff; that her husband boarded with her, paying for his board; and that no certificate under *St.* 1862, *c.* 198,* had been

---

* This statute provides that " any married woman now doing or hereafter proposing to do business on her separate account shall file a certificate in the clerk's office of the city or town where she does or proposes to do business, setting forth the name of her husband, the nature of the business proposed to be done," and

filed at the time of the attachment. The defendant thereupon contended that the jury could not be authorized to find for the plaintiff as against an attaching creditor of her husband, and the judge so ruled. A verdict was accordingly returned for the defendant, and the plaintiff alleged exceptions.

*W. S. Gardner,* for the plaintiff.

*S. B. Ives, Jr.,* for the defendant.

BIGELOW, C. J. There is no foundation for the argument urged by the plaintiff that the statute is intended to apply only to cases where a wife carries on traffic in goods and merchandise and invests her own money in a stock in trade or in the manufacture and sale of articles on her own sole account. The language of the statute is broad and comprehensive, and includes property belonging to a married woman of every kind which is employed by her in carrying on business on her sole account. The object of the statute was to afford the means of ascertaining in which of the two persons, apparently in the possession and use of property in carrying on any kind of trade or occupation, the title is vested, so that all having occasion to transact business with either may regulate their dealings accordingly. The accomplishment of this object could not be effected if the words of the statute should be so construed as to exclude the kind of property which the plaintiff employed in carrying on the business of keeping a boarding-house. The case at bar is one which comes within the mischief which the statute was designed to remedy. *Exceptions overruled.*

certain other particulars; and that "in case no such certificate shall be filed, such married woman shall not be allowed to claim any property employed in said business as against any creditors of her husband, but the same may be attached on mesne process by any such creditor, or taken upon execution, against the husband of such woman."